1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  KRISTY KREISCHER,

Case No.:  18-CV-1034 W (KSC)

12                              Plaintiff,

**ORDER GRANTING MOTION TO**
**PROCEED IN FORMA PAUPERIS**
**[DOC. 3] AND REFERRING TO**
**MAGISTRATE FOR REPORT &**
**RECOMMENDATION**

13  v.

14  NANCY BERRYHILL, Acting
    Commissioner of Social Security,

15

16                              Defendant.

17

18

19        Plaintiff Kristy Kreischer filed this action on May 24, 2018, seeking review of the

20  denial of her application for disability insurance benefits and Supplemental Security

21  Income under the Social Security Act.  (*Compl.* [Doc. 1].)  She thereafter filed the

22  pending motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.  (*Pl.'s*

23  *Mot.* [Doc. 3].)

24        The Court decides the matter on the papers submitted.  For the reasons outlined

25  below, the Court **GRANTS** the IFP motion.  [Doc. 3.]

26  *//*

27

28                                        1

## I. LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . ."). Permission to proceed IFP is

2

"a matter of privilege and not right[,]" <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " <u>Baize v. Lloyd</u>, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting <u>Wilson v. Dir. of Div. of Adult Insts.</u>, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

## II.  DISCUSSION

Kreischer has satisfied her burden of demonstrating that she is entitled to IFP status.  According to his declaration, she and her spouse receive monthly income of $189 in food stamps and $371 in Supplemental Security Income.  (*Pl.'s Mot.* [Doc. 3] 2.)  Her family's monthly obligations are $189 for food, and $110 for utilities.  (*Id.* [Doc. 3] 4.)  She has no cash or money in any bank account, but she owns a 2001 Jeep Sahara.  (*Id.* [Doc. 3] 2–3.)  She owns no other assets of value.  (*Id.* [Doc. 3] 3.)

The filing fee for an ordinary civil action is $400.  Based on the foregoing, Kreischer has demonstrated that she lacks the means to pay the filing fee without sacrificing the necessities of life.  <u>See</u> <u>Adkins</u>, 335 U.S. at 339–40.  Accordingly, Kreischer demonstrates entitlement to IFP status.  <u>See</u> 28 U.S.C. § 1915.

//
//
//
//
//
//
//
//
//

3

**III.  CONCLUSION & ORDER**

For the reasons addressed above, the Court **GRANTS** Plaintiff's motion to proceed IFP.  [Doc. 3.]  In light of the Court's ruling on the IFP motion, the Court orders as follows:

> 1.  The United States Marshal shall serve a copy of the Complaint filed on May 24, 2018 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.
>
> 2.  Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Karen S. Crawford for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c).

If the parties seek to file motions, they shall contact the chambers of Judge Crawford to secure scheduling, filing, and hearing dates.  All motion(s) for summary judgment must be filed and served no later than **120 days** after the Government files its answer.

**IT IS SO ORDERED.**

Dated:  May 29, 2018

_____
Hon. Thomas J. Whelan
United States District Judge

4