UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY ANN KREISCHER,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  18-CV-1034 W (RNB)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [DOC. 25]** |

      Pending before the Court is Plaintiff's counsel Cyrus Safa's ("Counsel") motion for attorney's fees under 42 U.S.C. §406(b).  Counsel requests an order granting him $18,000 in fees, with a credit to Plaintiff for the EAJA fees previously paid in the amount of $2,969.19.  On August 13, 2020, Defendant filed a response taking no position on the request, but providing a brief analysis of the fee requested.  (*See Def's Response* [Doc. 26].)  Plaintiff was served with the motion and notified that any response had to be filed within 14 days.  (*Notice of Mot.* [Doc. 25] 2:1–13.)  To date, Plaintiff has not filed a response to Counsel's attorney's fee request.

1

The Court decides the matter on the papers submitted, and without oral argument. <u>See</u> Civ.L.R. 7.1.d.  For the following reasons, the Court **GRANTS** the motion [Doc. 25].

## I.   DISCUSSION

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

<u>Id.</u>  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  <u>Crawford v. Astrue</u>, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 802, (2002)).  "The goal of fee awards under section 460(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted." <u>Thomas v. Colvin</u>, 2015 WL 1529331, *1 (E.D. Cal. 2015) (citing <u>Cotter v. Bowen,</u> 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in* <u>Gisbrecht</u>, 535 U.S. at 807).

In evaluating an attorney's fee request, courts "must respect 'the primacy of lawful attorney-client fee arrangements,' … 'looking first to the contingent-fee agreement, then testing for reasonableness.'" <u>Crawford</u>, 586 F.3d at 1148 (quoting <u>Gilbrecht</u>, 535 U.S. at 793, 808).  Factors courts may consider in evaluating the reasonableness of the attorney fee award are: (1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases.  <u>Thomas</u>, 2015 WL 1529331, *2 (citing <u>Crawford</u>, 586 F.3d at 1148).

Here, Counsel was successful in obtaining a favorable decision for Plaintiff in this Court, which granted Plaintiff's summary-judgment motion, denied Defendant's summary-judgment motion and remanded the case to the Social Security Administration for further proceedings. (*Order* [Doc. 22].) On remand, the Commissioner granted Plaintiff's application for benefits, entitling her to receive $84,974.00 in retroactive benefits. (*Safa Decl.* [Doc. 24] 13:16–19, citing Ex. 3.) Thus, no reduction is warranted due to a substandard performance, nor is there any basis to reduce fees based on dilatory conduct, as there is no indication Counsel caused any excessive delay. Additionally, the Court has reviewed the amount of time spent on this matter, Counsel's experience, and the *United States Consumer Law Attorney Fee Survey Report 2017–2018*. (*See Safa Decl.*, ¶ 8, and Ex. 6 [Doc. 25-6].) Considering all these factors, the Court finds the fee reasonable under the contract, the services provided, and the results achieved.

## II.   CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Counsel's motion for attorney's fees [Doc. 25] and **ORDERS** as follows:

1. Counsel is **AWARDED** $18,000.00 in attorney's fees.
2. Counsel shall reimburse Plaintiff Kristy Ann Kreischer $2,969.19 for the EAJA fees previously paid.

**IT IS SO ORDERED.**

Dated:  September 21, 2020

Hon. Thomas J. Whelan
United States District Judge